UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL M. MOSES, )<br>    Plaintiff, )<br>     )<br>  v. )<br>     )<br>UNITED STATES STEEL CORPORATION, )<br>    Defendant. ) | CAUSE NO. 2:11-CV-385-PRC |

## OPINION AND ORDER

This matter is before the Court on United States Steel Corporation's Motion to Dismiss Pursuant to Rule 12(b)(6) [DE 11], filed by Defendant United States Steel Corporation ("U.S. Steel") on January 18, 2012, and a Motion to Vacate [DE 16], filed by Plaintiff Michael M. Moses on March 8, 2012. For the reasons set forth in this Opinion and Order, the Court grants in part and denies in part the Motion to Dismiss and denies the Motion to Vacate.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to

provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 129 S. Ct. at 1949-50; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

Two weeks after deciding *Twombly* and in the context of pro se litigation, the Supreme Court again addressed the notice pleading standard, reiterating that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Supreme Court reaffirmed that "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (quotation marks and citations omitted).

In resolving a Rule 12(b)(6) motion to dismiss, the Court may properly consider attachments to the complaint pursuant to Federal Rule of Civil Procedure 10(c). The Court may also take judicial notice of documents in the public record without converting a motion to dismiss into a motion for summary judgment. *See Pugh v. Tribune Co.*, 521 F.3d 686, 691 (7th Cir. 2008) (citing *Radaszewski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 600 (7th Cir. 2004) (taking judicial notice of administrative findings regarding the plaintiff's medical status and needs)); *Ocholi v. Skywest Airlines*, No. 11-C-0310, 2012 WL 256125, at *1 (E.D. Wis. Jan. 27, 2012) (taking judicial notice in a Title VII case of the plaintiff's EEOC charge of discrimination and his notice of dismissal and of right to sue). Accordingly, the Court takes judicial notice of and considers the four exhibits attached to U.S. Steel's motion, which are Moses' September 9, 2010 Charge of Discrimination, the September 29, 2010 Dismissal and Notice of Rights, Moses' March 15, 2011 Charge of Discrimination, and the June 27, 2011 Dismissal and Notice of Rights.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A. EEOC Charge 24E-2010-00219 - Disability Discrimination**

On September 13, 2010, Moses filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") at 24E-2010-00219 (hereinafter referred to as "2010-219" or "first charge of discrimination"). The first charge of discrimination was also cross filed with the Gary Human Relations Commission.

In charge 2010-219, Moses asserted that U.S. Steel discriminated against him based upon his disability and that the discriminatory acts took place from August 12, 2010, through August 19, 2010. Moses explained that he received a replacement payroll check on July 23, 2010, which he cashed that same day. He also explained that, when the original payroll check arrived the next day, he cashed that check, too, but did not inform U.S. Steel of his "misappropriation." Def. Br., Exh. A.

Moses indicated that he was suspended by U.S. Steel on August 12, 2010, and on August 19, 2010, the suspension was converted to a discharge. He represents that the reason given for his suspension and discharge was his violation of the "Replacement Check Agreement."

In charge 2010-219, Moses asserts that he has an addiction that constitutes a disability. He further charges that, although U.S. Steel has a rehabilitation program for employees with addictions, U.S. Steel did not consider his addiction to be a disability and denied him his "right to recovery" in violation of the Americans with Disability Act ("ADA"). Def. Br., Exh. A.

Based upon its investigation, the EEOC was unable to conclude that there was a violation of the applicable statutes. Thus on September 29, 2010, the EEOC mailed Moses a notice of right to sue for charge number 2010-219 (hereinafter referred to a "first notice of right to sue") indicating that he had 90 days from the receipt of the letter to file a lawsuit.

## B. EEOC Charge 24E-2011-00114 - Race Discrimination

On March 18, 2011, Moses filed a second Charge of Discrimination with the EEOC at 24E-2011-00114 (hereinafter referred to as "2011-114" or "second charge of discrimination"). The second charge of discrimination was also cross filed with the Gary Human Relations Commission.

In charge 2011-114, Moses alleges that U.S. Steel discriminated against him based upon his race and that the discriminatory acts took place from August 12, 2010, through August 19, 2010. He explained that he fell victim to alcohol abuse and, as a result, [ ] violated company policy while under the influence of alcohol." He then entered the company's "Employee Assistance Program" to get help. Def. Br., Exh. C.

Moses indicated in charge 2011-114 that he was suspended by U.S. Steel on August 12, 2010, and that the suspension was converted to a discharge on August 19, 2010. According to Moses, U.S. Steel's Labor Relations Department Manager, Timothy Mosby, who is Caucasian, suspended and terminated him for three reasons: (1) improper receipt of check, (2) theft, and (3) violation of "Replacement Check Agreement." Def. Br., Exh. C. Moses claimed that he was treated less favorably than three other employees who are Caucasian or Hispanic and who had violated similar policies.

Based upon its investigation, the EEOC was unable to conclude there was a violation of the applicable statutes. Thus on June 27, 2011, the EEOC mailed Moses a Right to Sue notice for charge number 2011-114 (hereinafter referred to as "second notice of right to sue") indicating that he had 90 days from the receipt of the letter to file a lawsuit.

## C. Federal Court Proceedings

On October 24, 2011, in this case, Moses filed an Employment Discrimination Complaint against U.S. Steel, alleging that U.S. Steel and Samuel Downs violated the American with Disabilities Act, 42 U.S.C. § 12101. Moses alleges that he is "an American with disabilities" and that "alcohol and gambling are [his] vices." Compl. He further alleges that, when U.S. Steel learned of his disabilities, he was discriminated against by the company and its representative, Samuel

4

Downs. Moses alleges that U.S. Steel has supported the rehabilitation of other employees with the same disabilities and those individuals have not been terminated.

In his Complaint, Moses indicates that he filed a charge of discrimination with the EEOC; however, he did not attach a copy of the charge to the Complaint. Nevertheless, Moses did attach to the Complaint a copy of the second notice of right to sue dated June 27, 2011. He does not indicate in the Complaint when he received the notice of right to sue.

On January 18, 2012, U.S. Steel filed the instant Motion to Dismiss, the four exhibits, and a brief in support.

On February 9, 2012, after the time for Moses to file a response to the Motion to Dismiss had passed, Chief Judge Philip P. Simon issued an order requiring Moses to file a response to the Motion to Dismiss by March 8, 2012. Chief Judge Simon cautioned Moses that a failure to file a response may result in the case being dismissed without further notice.

On March 8, 2012, Moses filed a one-page document on which he wrote: "This is my motion requesting the Court to vacate Defendant's Motion to Dismiss." Moses provided no substantive response to the Motion to Dismiss.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

U.S. Steel seeks dismissal of Plaintiff's Complaint, arguing that the claim is barred because the Complaint is untimely and because Moses has not complied with the administrative prerequisites for his claim.

### A. Statute of Limitations

Both Title VII and the ADA require a plaintiff to file a civil action within 90 days of receiving a notice of right to sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (adopting the charge-filing requirements and enforcement mechanisms of Title VII in ADA

5

cases). The receipt of a notice of right to sue by a claimant or his attorney will start the 90-day period within which a plaintiff has to file a cause of action under Title VII or the ADA. *Threadgill v. Moore, U.S.A. Inc.*, 269 F.3d. 848, 849-50 (7th Cir. 2001). A notice of right to sue from the EEOC is a prerequisite to bringing a Title VII suit, and the notice of right to sue that forms the basis of a plaintiff's complaint must relate to the facts alleged in the EEOC charge. *Conner v. Illinois Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005).

The 90-day period of limitations set forth in 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that the EEOC's right to sue notice is actually received by the claimant. The 90-day period is a statute of limitations, not a jurisdictional requirement. *See Gibson v. West*, 201 F.3d 990, 993-94 (7th Cir. 2000). Thus, Moses need not anticipate or address in his Complaint any potential affirmative defense based on the 90-day period. *See United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). Rather, it is U.S. Steel's burden to prove that the lawsuit is untimely by establishing the date that Moses received the applicable notice(s) of right to sue. *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009); *see also Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999).

The first notice of right to sue was issued on September 29, 2010. The second notice of right to sue notice was issued on June 27, 2011. Moses filed his lawsuit on October 24, 2011, which is 390 days after the first notice was issued and 119 days after the second notice was issued. However, Moses does not indicate in his Complaint the date that he received either of the notices (he left the blank on the complaint form empty), and there is no evidence before the Court of the date he received either notice of right to sue.

U.S. Steel has not met its burden as it cannot show on the record on this Motion to Dismiss the date on which Moses received either the first notice of right to sue, dated September 29, 2010, or the second notice of right to sue, dated June 27, 2011. U.S. Steel urges the Court to apply the mailbox rule in this instance, asking the Court to presume that Moses received the notices three days after they were mailed and citing *Schikore v. BankAmerica Supplemental Retirement Plan*, 269 F.3d

956, 961 (9th Cir. 2001), which applied the mailbox rule in an ERISA case. U.S. Steel has not cited any law applying the mailbox rule to an ADA or a Title VII case, nor has U.S. Steel cited any law from the Seventh Circuit on this issue. The Seventh Circuit Court of Appeals has repeatedly held that the 90-day period begins to run when the plaintiff or plaintiff's counsel actually receives the right-to-sue letter, that this statute of limitations is an affirmative defense, and that the burden is on the defendant to establish the date the notice of right to sue was received. Therefore, the Court declines to adopt the mailbox rule in these circumstances. *Accord Plantan v. Harry S. Truman College*, 2011 WL 5122691, at *8 (N.D. Ill. Oct. 28, 2011) (finding that it is not the law of the Seventh Circuit that there is a rebuttable presumption that a mailed document is received three days after its mailing).

Although Moses filed his Complaint more than 90 days after both notices of right to sue were *issued*, there are no allegations in Moses' Complaint or evidence in the record as to the date Moses or his attorney, if any, *received* the notices. Notably, "the issue of the timeliness of the complaint cannot usually be addressed through a Rule 12(b)(6) motion." *Johnson v. Five Star Transp., LLC*, No. 3:11-CV-138, 2011 WL 5446452, at * 2 (N.D. Ind. Nov. 9, 2011) (citing *McCauley v. Akal Sec., Inc.*, No. 10 C 2839, 2011 WL 2461340 (N.D. Ill. June 17, 2011)). Accordingly, to the extent the motion to dismiss is brought on the ground that Moses' Complaint is untimely, the motion is denied.

### B. Exhaustion of Administrative Remedies

U.S. Steel also seeks dismissal of Moses' Complaint on the basis that he failed to exhaust his administrative remedies. Generally, a plaintiff cannot bring claims in a lawsuit under the ADA or Title VII that were not included in a prior administrative charge. *See* 42 U.S.C. § 12117 (adopting the procedures set forth in Title VII, including the requirement that administrative remedies be exhausted, 42 U.S.C. § 2000e-5); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) (recognizing that an employee may only sue under the ADA once a timely charge of discrimination has been filed); *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) ("As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that

7

were not included in her EEOC charge.") (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)).

"Although the rule is not jurisdictional, it is a condition precedent with which Title VII plaintiffs must comply." *Cheek*, 31 F.3d at 500 (internal citation omitted) (citing *Babrocky v. Jewel Food Co.*, 773, F2d 857, 864 (7th Cir. 1985)). In *Cheek*, the court stated the "EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." *Cheek,* 31 F.3d 947 at 501. "[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charge party notice of the charge." *Id.* at 500.

However, if a claim that is not asserted in the EEOC charge is "reasonably related" to a claim that was included in the EEOC charge, the plaintiff may pursue that claim in court. *Cheek*, 31 F.3d at 500; *see also Babrocky*, 773 F.2d at 864 (7th Cir. 1985). A claim in a judicial complaint is reasonably related to an EEOC charge "if the claim in the complaint can reasonably be expected to grow out of an investigation of the allegations in the charge." *Cheek*, 31 F.3d at 500. Because EEOC charges are often completed by laypersons, the plaintiff need not allege each and every fact in the charge that, in the aggregate, form the basis of the claims in the complaint. *Cheek*, 31 F.3d at 500; *Babrocky*, 773 F.2d at 865-66 (holding that it is an error for a court to require an exact correspondence between the words of an EEOC charge and the contents of a Title VII complaint and that EEOC charges are to be construed with "utmost liberality").

In his Complaint, Moses alleges that his claim is based on a violation of the ADA (42 U.S.C. § 12101). He alleges that, when U.S. Steel learned of his disabilities, the company and Samuel Downs discriminated against him. He further alleges that other employees with the same disabilities were not terminated when the company learned of their disabilities. Moses attached only the second notice of right to sue to his Complaint, which was the notice sent in relation to charge 2011-114 for race discrimination. Moses cannot satisfy the necessary administrative prerequisites to suit based on this second charge of discrimination because the claim for relief under the ADA in his Complaint

8

does not relate to the same facts or to the same theory of liability alleged in the second charge of discrimination based on race discrimination filed with the EEOC.

There are a number of distinct and material differences between the second charge of discrimination filed with the EEOC and the allegations in Moses' Complaint. First, in charge 2011-114, Moses complained that the denial of the opportunity for rehabilitation and his termination were due to discrimination based upon his *race*; in contrast, in his Complaint, Moses alleges that the denial of the opportunity for rehabilitation and his termination were due to discrimination based upon his *disability*. Second, in charge 2011-114, Moses complained of actions taken by Timothy Mosby; however, the Complaint alleges that the discriminatory actions were taken by Samuel Downs and does not mention Mosby. Third, in charge 2011-114, Moses complained that employees of different races who violated the same or similar company policies were treated better; in contrast, in his Complaint, Moses alleges that employees who had the same disabilities were treated more favorably. Although both the charge and the Complaint address the same employment action, namely Moses' termination, Moses' Complaint alleges a new theory of liability, identifies a different corporate representative, and alleges a different group of comparators than were included in his second charge of discrimination filed with the EEOC.

Pursuant to 42 U.S.C. § 2000e-5, U.S. Steel was given notice of the allegations of race discrimination in the second charge of discrimination, charge 2011-114, and the allegations of race discrimination were investigated by the EEOC. Any attempt by the EEOC to settle the dispute with U.S. Steel by conference, conciliation, and persuasion would have also been based on those facts. Moses cannot allege one set of facts before the EEOC in his second charge of discrimination and then, in his lawsuit, assert a wholly different set of circumstances and legal theories. Therefore, Moses' Complaint cannot be predicated on his second charge, charge 2011-144, based on race discrimination.

This leaves Moses' first charge of discrimination, charge 2010-219, for which the notice of right to sue was issued on September 29, 2010. Although Moses did not attach charge 2010-219 or

9

the September 29, 2010 notice of right to sue to his Complaint, U.S. Steel has attached both documents as exhibits to the instant motion, and the Court has taken judicial notice of both.

Charge 2010-219 does appear to satisfy the administrative exhaustion requirements for Moses' Complaint because charge 2010-219 and the Complaint describe the same conduct and appear to implicate the same individuals. In the first charge of discrimination, Moses claimed he was discriminated against because of his disability. He further asserted that he had an addiction that U.S. Steel did not consider to be a disability and stated that other employees who had addictions were allowed to participate in a rehabilitation program, whereas he was not. The same allegations are made in the Complaint.

Upon completing its investigation of charge 2010-219, the EEOC sent Moses a notice of right to sue on September 29, 2010. U.S. Steel does not argue that charge 2010-219 cannot form the basis of Moses' Complaint simply because it was not attached to the Complaint. Rather, as discussed above in Part A, U.S. Steel argues that the Complaint based on charge 2010-219 is untimely because 390 days have elapsed since the First Right to Sue notice was issued. U.S. Steel may be correct, and a minimal amount of discovery may provide the necessary information for U.S. Steel to file a dispositive motion on the issue. However, as set forth above, it is U.S. Steel's burden on its affirmative defense to demonstrate that Moses has not timely filed his Complaint, and U.S. Steel has not done so on this motion.

### C. Claim Against Samuel Downs

Although Moses does not name Samuel Downs in the caption of the Complaint, he does identify Downs as a defendant in the opening paragraph of the Complaint. The ADA makes it unlawful for a "covered entity" to discriminate "against a qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a). The ADA defines "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). An "employer" under the ADA is "a person engaged in an industry affecting

commerce who has 15 or more employees . . . and any agent of such person." 42 U.S.C. § 12111(5)(A).

The Seventh Circuit, in analyzing these statutory provisions, has found that individuals who do not independently meet the ADA's definition of "employer" cannot be held individually liable under the ADA. *See EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281-82 (7th Cir. 1995); *see also Baer v. Masonite Corp.*, No. 3:11-cv-124, 2011 WL 2929166, at *2 (N.D. Ind. July 15, 2011). Because Downs does not meet the definition of "employer" within the meaning of the ADA, Moses' claim against Downs as an individual defendant is dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** United States Steel Corporation's Motion to Dismiss Pursuant to Rule 12(b)(6) [DE 11], dismissing only the claim against Samuel Downs.

The Court **DENIES** the Motion to Vacate [DE 16].

SO ORDERED this 28th day of March, 2012.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record
     Pro se Plaintiff